# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LARNELL LOWE, | : | |
| :--- | :--- | :--- |
|     Petitioner | : | |
| | : | No. 1:04-cr-0131 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |
| | : | |

## MEMORANDUM

Before the Court is Petitioner Larnell Lowe ("Petitioner" or "Lowe")'s Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 in the above-captioned case. (Doc. No. 257.) For the reasons that follow, the Court will deny the motion.

## I.     BACKGROUND

On November 3, 2004, a jury found Petitioner guilty of all five (5) counts of an indictment pending against him, including: brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 1); carjacking in violation of 18 U.S.C. § 2119 (Counts 2 and 4); discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 3); and conspiracy to possess firearms during and in relation to a crime of violence in violation of 18 U.S.C. § 924(o) (Count 5). (Doc. No. 101.) A Presentence Report ("PSR") determined that Petitioner's sentencing guideline range was 120 to 150 months based on an offense level of 27 and a criminal history category of V. Because he was convicted of two separate counts of violating 18 U.S.C. § 924(c) (one involving brandishing a firearm during and in relation to a crime of violence, and one involving discharging a firearm during and in relation to a crime of violence), Petitioner faced the addition

of 384 months to the guideline range, resulting in a guideline range of 504 to 534 months.[1] The Court ultimately sentenced Petitioner to 504 months' imprisonment on March 28, 2005. (Doc. No. 145.) His sentence consisted of 120 months' imprisonment on Counts 2, 4, and 5, a term of 84 months' imprisonment on Count 1, to run consecutively to those counts, and a term of 300 months' imprisonment on Count 3, to run consecutively to all of the counts. (Doc. No. 146.) Petitioner filed an appeal of his convictions on April 4, 2005. (Doc. No. 147.) The United States Court of Appeals for the Third Circuit affirmed the Court's judgment as to Petitioner's convictions. See United States v. Lowe, 222 F. App'x 220 (3d Cir. 2007).

Petitioner filed the instant Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 257), arguing that his consecutive sentences based on 18 U.S.C. § 924(c) violate due process and should be vacated based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[2] which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") and its definition of a "violent felony" as unconstitutionally vague. Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Related to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Petitioner. (Doc. No. 256.)

Because Petitioner had previously filed a Section 2255 motion, his counsel filed a Motion

---

[1] The length of the mandatory minimum term associated with a Section 924(c) conviction depends on whether the defendant uses, carries or possesses the firearm (five years), brandishes the firearm (seven years), or discharges the firearm (ten years). See 18 U.S.C. § 924(c)(1)(A)(i)-(iii).

[2] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

2

to Stay Proceedings while Petitioner sought permission from the Third Circuit to file the instant successive Section 2255 motion. (Doc. No. 258.) This Court granted the motion by Order dated June 24, 2016. (Doc. No. 260.)[3] On August 28, 2019, the Third Circuit issued an Order granting Petitioner's application to file the instant successive motion to correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 298.)

After the Third Circuit granted permission to Petitioner to file the instant successive 2255 motion (Doc. No. 298), the Court lifted the stay of proceedings and directed the parties to confer and file a status report on or before November 12, 2019. (Doc. No. 300.)[4] In accordance with the terms of the status report filed by the parties (Doc. No. 301), the Court issued an Order directing the Government to file its Response to Petitioner's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 by December 16, 2019. (Doc. No. 302.) After the filing of the Government's Response (Doc. No. 304), Petitioner filed a brief in reply on December 30, 2019 (Doc. No. 305). Petitioner's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 is, therefore, ripe for decision.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was

---

[3] During the pendency of the stay of these proceedings, Petitioner filed a motion to proceed in forma pauperis. (Doc. No. 294.)

[4] After the Third Circuit issued its Order permitting Petitioner's successive 2255 motion to proceed in this Court, Petitioner filed a pro se "Motion for Release Pending Appeal." (Doc. No. 299.)

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a).

As noted above, Petitioner seeks to vacate his Section 924(c) convictions and consecutive mandatory minimum sentences based on Johnson. Pursuant to 18 U.S.C. § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, possesses, brandishes, or discharges a firearm "during and in relation to any crime of violence." See 18 U.S.C. § 924(c)(1)(A)(i)-(iii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See id. § 924(c)(3). Courts have generally referred to clause A of Section 924(c)(3) as the "elements clause" and clause B of Section 924(c)(3) as the "residual clause." See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

In Johnson, as noted above, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA, 18 U.S.C. § 924(e). The ACCA provides for a mandatory minimum sentence of fifteen (15) years' imprisonment for individuals convicted under 18 U.S.C. § 922(g) who possess three prior adult convictions for "violent felonies" or "serious drug offenses." See 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as including three categories of offenses, the third of which, the residual clause, was at issue in Johnson. That clause refers to crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." See id. § 924(e)(2)(B)(i). The Supreme Court's decision in Johnson

4

invalidating this clause as unconstitutionally vague gave rise to additional constitutional challenges to similar residual clauses. See Beckles v. United States, 137 S. Ct. 886 (2017) (rejecting a vagueness challenge to the residual clause of the United States Sentencing Guidelines' career offender definition); Sessions v. Dimaya, 139 S. Ct. 1204 (2018) (applying Johnson and finding unconstitutionally vague the residual clause of the federal criminal code's definition of crime of violence). Finally, this past term, the Supreme Court granted a petition for certiorari in United States v. Davis, 139 S. Ct. 782 (2019), specifically to consider the question presented by Petitioner in his motion – whether, under Johnson, the residual clause of Section 924(c) is unconstitutionally vague. On June 24, 2019, the Supreme Court issued its decision in Davis, extending the holding of Johnson to Section 924(c)(3)(B) and finding its residual clause unconstitutionally vague.[5]

However, regardless of Davis's implications for Petitioner's challenge to Section 924(c)(3)'s residual clause, Petitioner's challenge to his consecutive sentences imposed pursuant to Section 924(c) fails because Petitioner's convictions for carjacking constitute crimes of violence under Section 924(c)(3)'s "elements clause." Although the Third Circuit has not addressed this precise issue, numerous other circuit courts have held that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under Section 924(c)'s elements clause. See United

---

[5] The Supreme Court in Davis did not expressly state that its holding applies retroactively to cases on collateral review. However, the Third Circuit has recently held that Section 2255 challenges based on Davis meet the gatekeeping requirements applicable to second or successive 2255 motions; specifically, that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Matthews, 934 F.3d 296 (3d Cir. 2019); see also In re Hammond, 782 F. App'x 899 (11th Cir. 2019) (holding that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review).

States v. Jackson, 918 F.3d 467, 486 (6th Cir. 2019) (following the First, Fourth and Fifth Circuits and holding that carjacking by "intimidation" necessarily involves the threatened use of violent physical force, and, therefore, constitutes a crime of violence under Section 924(c)(3)'s elements clause); United States v. Cruz-Rivera, 904 F.3d 63 (1st Cir. 2018) (same); United States v. Evans, 848 F.3d 242 (4th Cir.), cert. denied, 137 S. Ct. 2253 (2017) (same); United States v. Jones, 854 F.3d 737 (5th Cir.), cert. denied, 138 S. Ct. 242 (2017) (same); see also Craig v. United States, 703 F. App'x 798, 802 (11th Cir. 2017) (reaffirming its earlier holding in In re Smith, 829 F.3d 1276, 1280-81 (11th Cir. 2016), that "an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking statute does, satisfies the [elements] clause of § 924(c)"). The Sixth Circuit in Jackson noted that in making this finding, the various circuit courts relied on precedent from their respective circuits holding that bank robbery in violation of 18 U.S.C. § 2113, which required robbery to be committed "by force and violence, or by intimidation," constitutes a crime of violence under Section 924(c)'s elements clause. See Jackson, 918 F.3d at 485. In Jackson, the Sixth Circuit noted (as did the other circuit courts in their respective decisions) that the language of Section 2119's carjacking statute is "substantively identical" to that of Section 2113's bank robbery statute. See id.

The Court notes that in United States v. Wilson, 880 F.3d 80 (3d Cir. 2018), the Third Circuit held that "[u]narmed bank robbery by intimidation [in violation of 18 U.S.C. § 2113(a)] clearly does involve the 'threatened use of physical force against the person of another[.]'" See id. at 84-85 (citation omitted). In that case, the defendant challenged the use of the conviction in support of his designation as a career offender under the Sentencing Guidelines, rather than in

6

support of a Section 924(c) conviction; however, the central question addressed by the Third Circuit was the same as the one presented in the instant motion – whether intimidation involves the threatened use of physical force against the person of another. The Third Circuit concluded that it does, based on the "common sense understanding of the word 'intimidation,'" and its own precedent. See id. at 85 (citing United States v. Askari, 140 F.3d 536, 541 (3d Cir. 1998) (en banc) vacated on other grounds, 159 F.3d 774 (3d Cir. 1998)).[6] Accordingly, upon review of persuasive authority from other circuits, and in light of relevant Third Circuit precedent, the Court concludes that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under Section 924(c)(3)'s elements clause. Because Petitioner was convicted of carjacking in violation of Section 2119, that conviction qualifies as a crime of violence under the elements clause of Section 924(c)(3), and he is, therefore, not entitled to relief.[7]

## III. CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See

---

[6] In United States v. Johnson, 899 F.3d 191 (3d Cir. 2018), the Third Circuit reaffirmed its conclusion in Wilson that "[u]narmed bank robbery by intimidation clearly does involve the threatened use of physical force against the person of another" in connection with its holding that armed bank robbery pursuant to 18 U.S.C. § 2113(d) constitutes a crime of violence for purposes of Section 924(c)'s elements clause. See id. at 204 (internal quotation marks omitted).

[7] The Court previously ruled that carjacking is a crime of violence under the elements clause of Section 924(c)(3) in Petitioner's co-defendant's case. See United States v. Walker, No. 1:04-cr-0131, 2019 WL 3958407, at *3 (M.D. Pa. Aug. 22, 2019).

7

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. A COA, therefore, will not issue in this case.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Johnson, and, therefore, the Court will deny his Section 2255 motion. An Order consistent with this Memorandum follows.